5-1933                                   328 S. W. 2d 391

Opinion delivered November 2, 1959.

*W. R. Thrasher, O. Wendall Hall, Jr.* and *W. B. Brady,* for appellant.

*John L. Hughes,* for appellee.

ED. F. McFADDIN, Associate Justice.   This appeal stems from a condemnation action instituted by the appellant, Arkansas State Highway Commission, to obtain certain lands belonging to the appellee, W. R. Hughes.[1]   The case was tried to a jury; and, from a verdict and judgment for $3,200.00, there is this appeal in which only two points are urged.

I.   The appellant says: *"The Trial Court Committed Error in Allowing Separate Trials for the Interest of the Freeholder and for the Interest of His Lessee."* Hughes owned a tract of 177 acres which he had leased to Thomas for a number of years; and Thomas used the Hughes land, and other lands owned by Thomas, for a cattle ranch.   When the Highway Commission undertook to obtain the right-of-way for a new road, there was filed in the Saline Circuit Court a case styled:

"Arkansas State Highway Commission, Plaintiff, v. 29.77 acres of land, more or less, situated in Saline County, Arkansas, Louis Thomas and Elsie Thomas, his

---

[1] Mrs. Hughes is a party because of dower rights; but we refer to "appellee" in the singular.

wife; Walter R. Hughes and Doris Hughes, his wife; Mike Richards and Delores Richards, his wife, and H. L. Abercrombie and Evelyn Abercrombie, his wife, defendants.''

The Hughes land proposed to be taken amounted to only 9.374 acres; so the lands of Thomas and the other named parties made the total of 29.77 acres. In some way not shown in the record before us, there must have been a severance allowed as to the tract of each landowner, but there is no mention in any of the proceedings or evidence in the transcript before us as to any request made by the Highway Commission, or any other party, to have determined in this case the value of the Thomas leasehold rights in the Hughes land. So far as the record before us shows, the matter was never mentioned in the trial court in this case, and, of course, cannot be raised here for the first time. In short, there is no foundation in this record on which the appellant can predicate the point now argued.

II. The appellant says: *"There is No Substantial, Competent Evidence to Support the Jury Verdict."* As aforesaid, Hughes owned a tract, of 177 acres. The Highway Commission condemned, through the northwest corner of the Hughes tract, a right-of-way amounting to 9.374 acres; and there resulted a tract of two acres entirely cut off from the remaining Hughes land. Witnesses for the land-owner placed the value of the Hughes land anywhere from $300.00 to $500.00 an acre. One witness testified that he purchased a tract of 29.9 acres similar to and near the Hughes land for $500.00 an acre. Values before and after the taking were given, and one witness summarized the testimony by saying that Hughes' total damage was $4,500.00.

The two witnesses for the Highway Commission gave lesser values. One witness said that the total damage suffered by the Hughes land was $1,540.00 from which should be deducted $250.00 as the damage to the Thomas leasehold: thus leaving $1,290.00 as the amount due Hughes. The second witness said that the total damage suffered by the Hughes land was $1,487.40 from

which should be deducted $63.59 as the damage to the Thomas leasehold: thus leaving $1,423.81 as the amount due Hughes.

It is thus clear that if the jury had taken the testimony of the plaintiff's witnesses of $4,500.00 as the total of Hughes' damage and had deducted therefrom the $250.00 testified by the Highway Commission's witness as the value of the Thomas leasehold, then the difference due Hughes would have been $4,250.00. Instead, the jury verdict was only $3,200.00, which is amply sustained by the evidence.

Affirmed.